McKinney, J.
delivered the opinion of the court.
On the trial of this case in the circuit court, his Honor instructed the jury among other things not necessary to *559 be noticed that the expression in the covenant sued on, that the defendant “ shall work out the road this fall, and put it in good order,” does not mean that the road shall be made and worked out in conformity with the requirements of the charter; but that the road should be put in good order, according to the common acceptation of these words. That the charter of the Turnpike could not be looked to for the meaning or explanation of the language of the covenant it not being referred to in said covenant as containing the meaning of the parties.
Did the court err in the foregoing instructions? It is a well settled principle, that in general, the interpretation, as well as the- construction ■ of a written instrument,, is a matter of law for the court, and not for the jury. 1 Greenleaf on Ev. sec. 277, note 1. And in the interpretation of a written instrument, the duty of the court is to ascertain, not what the parties may have secretly intended, as contradistinguished from what their words express, but what is the meaning of the words they have used. 1 Green, on Ev. sec 277, note 1. The terms of every written instrument are to be understood in their plain, ordinary and popular sense, unléss by the known usage of trade or otherwise, they have generally acquired a peculiar sense or technical meaning distinct from the popular sense of the same words, or unless from the context it appears evident that the parties, in the particular instance, intended them to be understood in some other and particular sense. 1 Green, on Ev. sec. 278.
Applying these principles to the cáse under consideration, we think the circuit judge did not err in assuming to interpret the proper meaning of the stipulation in the covenant, that the defendant should put the road in “ good order,” nor did he err in his interpretation of these words. *560 To hold that by the use of the words “ put the road in good order,” it was understood and intended by the parties, that it should, in all respects, be put in the order, and made to conform with the exact requirements of the charter, as is now insisted upon by the plaintiff’s counsel, would be, not only to violate the rule of interpretation above laid down, but likewise to vary and enlarge the terms and obvious meaning of the covenant. The road may have been “ put in good order ” in the sense in which. these words were, at the time, understood by the parties, and as they would be understood by persons generally; and yet it may not have been bridged, or graded, or made of the exact width at all points, indicated in the charter, and indeed, it may have been utterly impracticable to make- it in all respects in literal compliance with the requirements of the charter, and it cannot be supposed that such was the understanding of the parties. It follows, necessarily, from the foregoing view of the case that the court did not err in excluding the charter from the jury. And the effect of the improper admission of the declarations of the parties, at the time of the contract or afterwards, we think was sufficiently obviated by the direction of the court to the jury.
Upon the whole we affirm the judgment.